FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IAN MICHAEL HARRIS,<br><br>    Movant,<br><br> -vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:13-CR-0053-JLQ-1<br><br>ORDER ON § 2255 MOTION |

  Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 249). The Motion is submitted by Mr. Harris, who is appearing *pro se* in these proceedings.

## BACKGROUND

  Mr. Harris was indicted on April 2, 2013 for: (1) Possession with Intent to Distribute 50 Grams or More of Pure (Actual) Methamphetamine, a Schedule II controlled substance, in violation of § 21 U.S.C. 841(a)(1), (b)(1)(A)(viii), all in violation of 21 U.S.C. § 846; and (2) knowingly and intentionally distribute 50 grams or more of pure (actual) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. Mr. Harris pled guilty to Counts 1 and 2 on August 5, 2013. ECF No. 102. A Judgment was entered on October 17, 2013 sentencing Mr. Harris to 300 months of incarceration on each count to run concurrently and to be followed by ten years of supervised release. ECF No. 168.

  Mr. Harris's Plea Agreement provided in part: "If the Defendant pleads guilty to Counts 1 and 2 of the Information Superseding the Indictment, and if the Defendant does not violate the terms of this Agreement, the Government agrees to only seek a penalty enhancement under 21 U.S.C. § 851, for one of the Defendant's prior convictions (rather

than two)." ECF No. 102 at 11.  The Government and Mr. Harris also agreed in the Plea Agreement "that [Defendant] is eligible for enhancement pursuant to 21 U.S.C. § 851.  The parties further stipulate that such enhancement has properly been filed and will apply to his ultimate sentence." ECF No. 102 at 14.  The United States and Mr. Harris agreed "to recommend to the Court a term of imprisonment range of two hundred forty (240) to three hundred (300) months."  ECF No. 102 at 3.  Mr. Harris agreed to waive his right to appeal his conviction and sentence "if the Court imposes a prison term no higher than 300 months and imposes no more than 10-years supervised release."  ECF No. 120 at 17.

Mr. Harris brings his Motion pursuant to 28 U.S.C. § 2255(a).  This statute, by its plain terms, sets forth four available grounds for relief, as stated by the Supreme Court:

> The statute states four grounds upon which relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-7 (1962).  The Supreme Court in *Hill* stated that Congress enacted § 2255 to provide "a remedy exactly commensurate with that which had previously been available by habeas corpus." *Id*. at 427.  The Ninth Circuit Court of Appeals has stated: "Because a § 2255 motion is commensurate with habeas relief, it may only be used to collaterally attack a conviction and sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

## DISCUSSION

Mr. Harris provides three grounds for his § 2255 claim: (1) his plea was not knowing or voluntarily made; (2) he received ineffective assistance of counsel for failing to file suppression motions; and (3) he received ineffective assistance of counsel during the plea bargain process.  ECF No. 249 at 4-7.

**1. Knowing or Voluntarily Made Plea.**  Mr. Harris argues that his plea was not knowing or voluntarily made because the offenses relied upon for his enhanced sentence do

ORDER ON § 2255 MOTION - 2

not qualify as "serious drug felony." The Government challenges Mr. Harris's argument on two fronts. First, that the claim is procedurally barred. Second, that the argument fails on its merits.

### A. Procedural Bar

The United States argues that Mr. Harris failed to challenge his 21 U.S.C. § 851 penalty enhancements on direct appeal, therefore he failed to preserve the claim for collateral attack. ECF No. 255 at 9-10.

A motion under 28 U.S.C. § 2255 may be denied as procedurally defaulted if the claim presented in the motion was not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, a defendant may overcome procedural default by showing "cause and prejudice." *Id*. A similar question was presented in *Agtuca v. United States*, 2018 WL 2193134 (W.D. Wa. May 14, 2018), where the defendant brought a § 2255 motion based on *Johnson v. U.S.*, 135 S. Ct. 2251 (2015) and challenged a prior Washington Second-Degree Assault conviction. The defendant had not raised the claim on direct appeal, and the Government did not contest prejudice, but asserted the defendant could not show cause. The court found the defendant had established cause because *Johnson* "explicitly overruled previous Supreme Court precedent, and the basis for making the claim was not reasonably available at the time of Mr. Agtuca's previous proceeding." *Id*. at *2.

This is a similar analysis. Mr. Harris's argument that his prior state convictions do not qualify as "serious drug felony" is premised on *Descamps v. United States*, 570 U.S. 254, 264 (2013), *Mathis v. United States*, 136 U.S. 2243 (2016), *Valdivia-Flores v. United States*, 876 F.3d 1201 (9th Cir. 2017), and *United States v. Brown*, 879 F.3d 1043 (9th Cir. 2018). ECF No. 249-1 at 3. The Supreme Court in *Descamps* discussed the categorical approach and restricted the modified categorical approach to state offenses that are divisible, and *Mathis, Valdivia-Flores*, and *Brown* discussed the proper application of the categorical approach. See *Mathis*, 136 U.S. at 2251-53; *Descamps*, 570 U.S. at 258, 263-64; *Brown*, 879 F.3d, 1046-49 & n.1; *Valdivia-Flores*, 876 F.3d at 1206-07, 1209-10. Here, *Descamps*, was decided months prior to Mr. Harris's direct appeal in October of 2013. ECF No. 170.

ORDER ON § 2255 MOTION - 3

However, *Descamps* gave little guidance about the intended meaning of a "divisible" statute, and lower courts inconsistently employed the modified categorical approach to determine whether a state offense matched its federal counterpart. *See*, e.g., *Mathis*, 136 S. Ct. at 2251, n.1. As a result, the Supreme Court issued *Mathis* to clarify what *Descamps* meant by divisibility - that divisibility and application of the modified categorical approach depend on whether the state statute provides alternative elements of the offense that must be found by a jury rather than alternative means of committing the offense that must not. *Id*. at 2254-57.

The Ninth Circuit then employed the categorical approach in *Brown* after the clarification set forth in *Mathis*, and held that a Washington conviction for conspiracy to distribute methamphetamine under RCW §§ 69.50.401 and 69.50.407 did not qualify as a "controlled substance offense" under the Guidelines career offender enhancement, because "the Washington drug conspiracy statute covers conduct that would not be covered under federal law" and "is not a categorical match." *Brown*, 879 F.3d at 1048.

Similarly, the Ninth Circuit held in *Valdivia-Flores* that Washington's drug trafficking statute did not qualify as an "aggravated felony" for purposes of the Immigration and Nationality Act (INA) due to the overbreadth of Washington's standard for accomplice liability. *Valdivia-Flores*, 876 F.3d at 1207-09 & n.3. In so ruling, the Ninth Circuit reiterated the divisibility principles set forth in *Mathis* and rejected the district court's utilization of the modified categorical approach when analyzing Washington's drug trafficking statute. *Id*. at 1210 ("Because a jury need not distinguish between principals and accomplices, the drug trafficking statute is not divisible so far as the distinction between those roles is concerned, so the modified categorical approach may not be applied, and it was error for the district court to do so.").

Therefore, the analytical underpinnings of Mr. Harris's arguments were not available before the Supreme Court's clarification of the categorical approach in *Mathis* and the Ninth Circuit's analyses in *Brown* and *Valdivia-Flores*. As Mr. Harris cited in his briefing, in 2015, the Ninth Circuit had held that Washington's drug trafficking statute

ORDER ON § 2255 MOTION - 4

categorically qualified as a felony drug trafficking offense to support a Guidelines enhancement. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1052-55 (9th Cir. 2015) (rejecting an overbreadth challenge to Washington's drug trafficking statute on other grounds). Thus, *Brown* and *Valdivia-Flores* constitute intervening changes in the law relevant to the claim Mr. Harris now raises in his § 2255 petition. Therefore, Mr. Harris's claim is not procedurally barred.

### B. Merits of the Claim

Mr. Harris argues that he "entered into his plea agreement believing that he would be exposed to a possible life sentence if he were to refuse the offered plea and proceed to trial based upon Defendants [sic] two predicate Washington convictions," but now these convictions no longer qualify as a "serious drug felony" under 21 U.S.C. §§ 841 and 851. ECF No. 249-1 at 4. The Government responds that his argument is foreclosed by the Supreme Court's holding in *Brady v. United States*, 397 U.S. 742 (1970) and, in the alternative, Mr. Harris's prior convictions still qualify as "serious drug felony." ECF No. 255 at 11-17.

While Mr. Harris's challenge to the voluntariness and intelligence of the plea agreement based on recent *Mathis*, *Valdivia-Flores*, and *Brown* is not procedurally barred, it is foreclosed by Supreme Court precedence set forth in *Brady*.

"A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757. The Supreme Court specifically found "no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops . . . that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decision." *Id*.

Here, the Plea Agreement clearly sets forth both parties' understanding that if Mr. Harris proceeded to trial, he would be facing the potential for a life sentence based on a second § 851 penalty enhancement for a "felony drug offense" being filed by the

ORDER ON § 2255 MOTION - 5

Government. ECF No. 102. The fact that these predicate offenses may no longer qualify as "serious drug felony" under § 841(b)(1)(A)(viii) does not allow Mr. Harris to withdraw from his Plea Agreement.

Because Mr. Harris's argument is foreclosed by *Brady*, the Court is not required to address the merits of his argument that his predicate offenses no longer qualify as "serious drug felony."

**2. Ineffective Assistance of Counsel.** Mr. Harris's remaining grounds for his § 2255 Motion are premised on ineffective assistance of counsel for (1) failing to file suppression motions and (2) improperly advising him to enter into a plea agreement.

"To establish ineffective assistance of counsel" a defendant "must show 'both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.'" *U.S. v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012) *quoting Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This was extended to the role of counsel in the plea bargaining process. *Missouri v. Frye*, 566 U.S. 134, 140 (2012).

Mr. Harris fails to establish the first prong, that his counsel's performance was deficient. First, Mr. Harris argues that his counsel failed to file suppression motions challenging a "stale warrant" regarding his shop and vehicles and an "unwarranted search of Defendant's residence." ECF No. 249-1 at 6. Second, Mr. Harris argues that his plea was influenced by a threat from the Government that if he pursued his Fourth Amendment claim by filing a suppression motion, additional § 851 penalty enhancements would be filed against him and he would face a life sentence, and his counselor was mistaken that the prior convictions qualified as "serious drug offenses." ECF No. 249-1 at 10. Both of his claims of ineffective assistance of counsel appear predicated on alleged vindictive prosecution.

In asserting that he was a victim of vindictive prosecution, Mr. Harris is attempting to relitigate an issue that was addressed at length before the Court in three *ex parte* hearings and in an Order on October 16, 2013. ECF No. 167. After reviewing the evidence and taking testimony, the Court acknowledged the potential for vindictive

prosecution in these kinds of cases, but found that in this case the prosecution's motives were not vindictive and there was no due process violation. *Id*. Additionally, the Court summarized statements made by Mr. Harris's attorney explaining why he did not file the suppression motions Mr. Harris requested. *Id*. Mr. Harris did not appeal the Court's Order finding that there was no vindictive motivation by prosecutors.

In his § 2255 Motion, he requests that his former counsel be required to answer interrogatories related to his decision to not pursue the suppression motions. ECF No. 249-1 at 8. However, these questions were answered by counsel during the sentencing hearing on October 10, 2013. ECF No. 195. The Court found that Mr. Harris's attorney "provided, not only ample, but as effective assistance of counsel as would be available by any attorney under these circumstances." *Id*. at 76.

Under § 2255, the Court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, a § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal. The Ninth Circuit stated in *Olney v. United States*, 433 F.2d 161 (9th Cir. 1970), "[h]aving raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255." *Id*. at 162; *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he [Supreme Court] has cautioned that § 2255 may not be used as a chance at a second appeal."); *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."); *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969) ("Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction.").

Mr. Harris's claims of ineffective assistance of counsel for failing to file the suppression motions and vindictive prosecution were taken seriously by the Court and fully litigated at the time of his sentencing. Therefore, the Court finds no reason to hold an

ORDER ON § 2255 MOTION - 7

evidentiary hearing. Mr. Harris's § 2255 claims of ineffective assistance of counsel and vindictive prosecution have been fully litigated and will not be addressed again by this Court.

As for Mr. Harris's claim that he received ineffective assistance of counsel because his counselor was mistaken that his prior offenses qualified as a "serious drug offense" as set forth in § 841(b)(1)(A)(viii), the Court will not hold an attorney responsible for foreseeing the decisions of future jurists. As discussed in detail above, the Ninth Circuit's decisions in *Brown* and *Valdivia-Flores* constitute intervening changes in the law.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Mr. Harris Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Harris's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed September 30, 2019, **ECF No. 249**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,
- Provide copies to counsel and *pro se* Movant,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:19-CV-0331-JLQ.

**DATED** this 30th day of April, 2020.

4-28-20

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 9