FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>IAN MICHAEL HARRIS,<br><br>              Defendant. | NO. 2:13-CR-0053-TOR-1<br><br>SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's second Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 293. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion for Sentence Reduction, ECF No. 293, is denied.

## BACKGROUND

On August 5, 2013, Defendant entered pleas of guilty in a Rule 11(c)(1)(C) plea agreement. ECF No. 102. Defendant entered guilty pleas to counts 1 and 2 of the Information Superseding Indictment charging him with Conspiracy to Possess

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

with Intent to Distribute 50 grams or more of pure Methamphetamine and Possession with Intent to Distribute 50 grams or more of pure Methamphetamine. *Id*. Defendant agreed under Rule 11(c)(1)(C) to an imprisonment range of 240 months to 300 months of incarceration. *Id*. at 3.

On October 10, 2013, the Court sentenced Defendant to a 300-month term of imprisonment, followed by a 10-year term of supervised release. ECF Nos. 164 and 168.

Defendant filed a first motion for sentencing reduction which was denied on May 30, 2023. ECF No. 288.

Defendant argues that his prior drug convictions do not count and he should be sentenced to less time. Defendant has two convictions for drug possession under a statute that was later ruled unconstitutional in *State v. Blake*, 197 Wash. 2d 170 (2021). But even with those convictions removed, Defendant would still be in Criminal History VI, and his guideline sentence range would still be 360 months to life. Mr. Harris has not shown how any change in the law would have affected his ultimate sentence. He was sentenced to less than the guideline range applicable to him.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant

poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Exhaustion or Lapse of 30 days

Defendant appears to have exhausted his administrative remedies by filing a request with the warden and waiting 30 days. Accordingly, the Court will consider Defendant's administrative remedies exhausted.

### C. Extraordinary and Compelling Reasons

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement are contained in U.S.S.G. § 1B1.13. First, Defendant argues that he should be released so he can care for his mother. However, his mother is in a memory health care facility and is being taken care of. Defendant has two other siblings that are not caring for their mother because she is in a facility which takes care of her. Defendant's mother is being cared for with assistive care.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

//

### D. Factors under 18 U.S.C. § 3553(a)

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

      (5) any pertinent policy statement—
          (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
          (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
      (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing and in consideration of the first motion for compassionate release the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. Defendant's sentencing guideline calculation was 39 with a criminal history of category VI, which advised 360 months to life imprisonment. He possessed multiple firearms. The Rule 11(c)(1)(C) plea agreement called for 240 months to 300 months a significant departure from the guidelines. ECF No. 160. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than

necessary to comply with the purposes of sentencing.

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that he poses no risk to the community because he can be supervised. The Court disagrees and finds otherwise. Defendant's egregious conduct comprising the offenses for which he was convicted shows he presents a serious risk to the public.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 293, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties (including Defendant at the Mendota Federal Correctional Institution).

DATED August 1, 2025.



THOMAS O. RICE
United States District Judge

SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7